IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | § | |
|---|---|---|
| IN RE SUBPOENA SERVED ON | § | |
| AFFILIATED FOODS, INC. C/O | § | |
| REGISTERED AGENT BRIAN | § | 2:21-MC-3-Z |
| PIANCINO | § | |
| | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court are Affiliated Foods' Motion to Quash Subpoena and for Protection ("Motion to Quash") (ECF No. 1) and Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") Motion to Transfer Case out of District/Division ("Motion to Transfer") (ECF No. 8). The Court has considered all responses, replies, objections, and sur-replies (as applicable) to the Motions. For the reasons stated below, CIIPPs' Motion to Transfer is **DENIED** and Affiliated Foods' Motion to Quash is **GRANTED**.

### BACKGROUND

CIIPPs are plaintiffs in a class-action antitrust multi-district litigation suit regarding pork products (the "Pork Lawsuit") currently pending in the United States District Court for the District of Minnesota. *See* Civil Action No. 18-cv-1776 (JRT/HB), *In Re Pork Antitrust Litigation*. CIIPPs served a subpoena duces tecum (the "Subpoena") on non-party Affiliated Foods on May 7, 2021. ECF No. 1 at 2. The parties agreed to extend the deadline for production to July 7, 2021 and to move the place of production to Amarillo, Texas. ECF No. 1 at 2.

On July 7, 2021, Affiliated Foods moved this Court to quash the Subpoena. *See* ECF No. 1. CIIPPs opposed the Motion to Quash and moved the Court to transfer the Motion to Quash to the MDL Court. *See* ECF No. 8.

1

CIIPPs allege that the Motion to Quash is invalid because it does not strictly comply with Local Rule 7.1(b). ECF No. 6 at 8–9. CIIPPs further allege that the MDL court in Minnesota—and not this court—has proper jurisdiction to rule on enforcement of the Subpoena based on an interpretation of U.S.C. 28 § 1407 and Federal Rule of Civil Procedure 45(f). ECF No. 11 at 1–2. Affiliated Foods maintains that it has complied with Local Rules and that this Court has jurisdiction to quash the Subpoena because 28 U.S.C. § 1407 is not applicable, and there are no exceptional circumstances under Federal Rule of Civil Procedure 45(f). ECF No. 13 at 7; ECF No. 1 at 2–3. Affiliated Foods alleges that the Subpoena is unduly burdensome and thus unenforceable. ECF No. 1 at 3–9.

## LEGAL STANDARDS

A district court may adopt rules governing its practice. Fed. R. Civ. P. 83. However, a local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a non-willful failure to comply. *Id.*

Federal Rules of Civil Procedure give courts a duty to protect non-parties from unduly burdensome subpoenas. Fed. R. Civ. P. 45(d)(1). On timely motion, the court for the district where compliance is required must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3). A subpoena may be unduly burdensome based on (1) the relevance of the information requested, (2) the requesting party's need for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the requested documents are described, and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

When the court, sitting in the district where compliance is required, did not issue the subpoena, it may choose to transfer a motion to quash to the issuing court if the parties consent or if exceptional circumstances exist. Fed. R. Civ. P. 45(f).

ANALYSIS

Affiliated Foods sufficiently complied with Local Rule 7.1(b) by providing in other documents the information required for a certificate of conference. Any remaining noncompliance does not prevent the Court from considering the Motion to Quash. Additionally, the Court has proper jurisdiction to consider the Motion to Quash because the MDL statute regarding deposition subpoenas does not apply and because the Court does not find exceptional circumstances meriting transfer under Rule 45(f).

The Court finds that the Subpoena is unreasonably broad and unduly burdens non-party Affiliated Foods. The MDL Court's interest in ruling on the Motion to Quash does not outweigh Affiliated Foods' interest in immediate local resolution. The Court has a duty to quash the Subpoena in order to protect Affiliated Foods.

**A. Affiliated Foods sufficiently complied with Local Rule 7.1.**

CIIPPs argue that the Motion to Quash is invalid because the certificate of conference does not strictly adhere to local rule requirements. ECF No. 6 at 8–9. Local Rules require a movant to file an accompanying certificate of conference along with a motion to quash. Local Civil Rules of the United States District Court for the Northern District of Texas 7.1(b). The certificate must state whether a motion is opposed or unopposed. *Id.* If the motion is opposed, the certificate must state the date of the conference, the identities of conferring attorneys, and why the parties did not reach an agreement. *Id.*

Here, Affiliated Foods included a certificate of conference. *See* ECF No. 2. The certificate states that the parties conferred but fails to explicitly state the remaining requirements. ECF No. 2 at 1. However, other filed documents give the required information. Exhibits with email chains show that the attorneys, David Mullin and Anthony Carter, conferred multiple times regarding the Subpoena before Affiliated Foods filed the Motion to Quash, including on May 20, 2021 and June 25, 2021. ECF No. 6 at 3. The email chains and briefings explain what each side requested and show that, while the parties resolved the issues of production place and date, the parties were unable to resolve the issue of production scope. ECF No. 6; ECF No. 7, Exhibit D. This information demonstrates that the Motion to Quash was opposed and that conferencing was unable to eliminate or further narrow the parties' dispute while Affiliated Foods still had time to file the Motion to Quash.

Local rules are important, and a court can deny a motion based on failure to comply with local rules. *United States ex rel. Davis v. Lockheed Martin Corp.*, No. 4:09-CV-645-Y, U.S. Dist. LEXIS 199849, at *3 (N.D. Tex. June 8, 2016). However, "the failure to file a certificate of conference presents no basis to deny the motion where, as here, it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties' dispute." (*Obregon v. Melton*, No. 3:02-CV-1009-D, 2002 U.S. Dist. LEXIS 14509, at *13 n. 3 (N.D. Tex. Aug. 2, 2002). Also, Federal Rules warn against overly strict enforcement of local rules. Fed. R. Civ. P. 83(a) ("A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply.").

Efficiency and justice would be distorted should the Court deny the Motion to Quash based on such flimsy accusations of not following the "letter of the law" while Affiliated Foods complied with the spirit of the law. Thus, the Court finds that Affiliated Foods sufficiently complied with

Local Rule 7.1 and that any failure to strictly comply, given these narrow circumstances, is not grounds for dismissal.

### B. The Court does not find compelling reasons to transfer the Motion to Quash.

The court for the district where compliance is required is responsible to guard against unduly burdensome or expensive subpoenas and must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(1), (d)(3)(a). However, when the court where compliance is required did not issue the subpoena, it may transfer a motion to quash to the issuing court under exceptional circumstances. Fed. R. Civ. P. 45(f). Although the Rule does not define "exceptional circumstances," transfer to the court where the action is pending "'may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.'" *In re Cobb*, A-20-MC-595-RP, 2020 WL 4043752, at *2 (W.D. Tex. July 16, 2020) (quoting Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendment, Subdivision (f)).

   *1. 28 U.S.C. § 1407 does not control.*

CIIPPs argue that the MDL statute should control and give the MDL court jurisdiction to rule on the Motion to Quash. ECF No. 11 at 1. This conclusion relies on faulty statutory construction and a resulting erroneous interpretation of statute.

The MDL statute states: "Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation. . . ." 28 U.S.C. § 1407(b). It is true that ruling on a motion to quash a subpoena for document production is a part of pretrial proceedings. However, the remainder of Section 1407(b) specifies the grant of authority: MDL judges "may exercise the powers of a district

judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." *Id.* A clear reading of the statute gives jurisdiction to the MDL judge to rule on subpoenas related to depositions but does not give authority to the MDL judge to rule on subpoenas related to document production. The distinction between these types of subpoenas "makes a difference." *In re Packaged Seafood Products Antitrust Litig.*, 15-MD-2670-JLS-MDD, 2018 WL 454440, at *2 (S.D. Cal. Jan. 17, 2018) ("The extension of jurisdiction in MDL cases to the conduct of pretrial depositions [] is not tantamount to extending jurisdiction to enforce document subpoenas on third parties.").

In 2007, the Fifth Circuit upheld a Texas district court's ruling that all motions related to a subpoena duces tecum must be filed in the MDL court, not the Texas court, even though the Texas court was the place where compliance was ordered. *In re Clients & Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671 (5th Cir. 2007). The Fifth Circuit found this authority under 28 U.S.C. § 1407. However, several years after the holding in *Baron & Budd*, Congress provided additional guidance on the subject. In 2013, Congress amended Rule 45 by adding section (f). This amendment gives the court where compliance is ordered the discretion to decide whether to transfer a motion to quash. The Court *may* transfer the motion based on either consent of the parties or upon the Court finding exceptional circumstances—but the Court is never *required* to transfer.

Congress could have added that, in a subpoena that is a part of MDL litigation, a court must transfer a motion to quash to the MDL court when the subpoena relates to MDL legislation. Congress chose not to do so. Instead, it gave courts the discretion to decide the issue of transfer. Fundamental rules of interpretation direct that Congress' later guidance on an issue overrides a prior court decision. The Court cannot contravene the clear meaning of a statute at whim. *In re 3M Combat Arms Earplug Products Liab. Litig.*, 3:19-MD-2885, 2020 WL 8673437, at *3 (N.D. Fla.

Nov. 18, 2020).

Additionally, the Court notes that, although the parties seem to agree that the case related to the Subpoena is included in an MDL order, the MDL court does not agree. See *In Re Pork Antitrust Litigation*, No. 18-cv-1776 (D. Minn. Sept. 3, 2021), at 3 ("For the time being, this case is not part of the MDL; the statutes and rules governing multidistrict litigation do not apply."). However, the Court does not need to decide this issue. Regardless of the underlying litigation's MDL status, Fifth Circuit precedent does not mandate that the Court grant the Motion to Transfer.

For all these reasons, the Court cannot and does not interpret Section 1407 to mandate transfer of the Motion to Quash to the MDL court. Rule 45(f) controls, providing the Court discretion to transfer if the Court finds exceptional circumstances.

2. *The Court does not find exceptional circumstances warranting a transfer.*

Rule 45(f) does not define exceptional circumstances that warrant transfer. However, the Advisory Committee to the 2013 Amendments provides some guidance. It warns that a court's "prime concern should be avoiding burdens on local nonparties subject to subpoenas," and that courts should not assume "that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45(f), Advisory Committee Notes on 2013 Amendment, Subdivision (f). The need to "avoid disrupting the issuing court's management of the underlying litigation" may warrant transfer. *Id.* But "transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.* Accordingly, the Court will consider whether CIIPPs have demonstrated exceptional circumstances and will balance any such circumstances against the nonparty's interest in local resolution of the motion.

7

CIIPPs attempt to argue that "multidistrict status alone is sufficient to warrant the transfer of a subpoena-related dispute to the issuing court." ECF No. 11 at 7 (relying on *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 378 (D.D.C. 2017); *In re Syngenta AG MIR162 Corn Litig. v. Syngenta AG*, No. 20-MC-064 (ECT/ECW), 2020 WL 5988498 at *4 (D. Minn. Oct. 9, 2020); *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, No. 1:17-MC-0055-LY-AWA, 2017 WL 1611915 at *2 (W.D. Tex. Apr. 27, 2017)). But the existence of a nonparty subpoena duces tecum in multidistrict litigation does not automatically constitute exceptional circumstances. *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 408 (N.D. Ala. 2014) ("[t]he risk of overlapping future rulings, in the name of judicial economy or otherwise, does not constitute an exceptional circumstance."). Likewise, local resolution of a nonparty subpoena duces tecum does not automatically disrupt underlying litigation. The Court requires additional facts and finds that CIIPPs' arguments fall short.

Meanwhile, Affiliated Foods' interest in local resolution is substantial. CIIPPs suggest that the burden of transferring is mitigated by telephonic hearings. *See* ECF No. 11 at 10, ECF No. 18 at 9. Contrary to CIIPPs' assertions, Affiliated Foods' interest is not merely an issue of travel expenses and time to write a legal brief. Affiliated Foods would be significantly burdened by defending itself in a state where it does not conduct business and has no contacts. ECF No. 15 at 13–14. Additionally, businesses suffer a multitude of consequences from the overshadowing cloud of ongoing litigation, including damage to reputation, employee morale, and limits on ability to expand. A nonparty business has not subjected itself to litigation and thus should not suffer any more such consequences than absolutely necessary. *See* ECF No 15 at 13-14. Affiliated Foods has a strong interest in immediate resolution without being told to take additional steps in a foreign jurisdiction for the benefit of the parties to the litigation.

Here, the facts overwhelmingly weigh in favor of local resolution. Affiliated Foods is a regional business that does not conduct operations in Minnesota and has no contacts at all with Minnesota. ECF No. 15 at 13–14. Though the Court may not be intimately familiar with every nuance of the underlying litigation, the Court is satisfied that it understands the pertinent facts well enough to correctly apply law and resolve the Motion to Quash. While the MDL court certainly has an interest in handling the underlying litigation, its interest does not outweigh Affiliated Foods' interest in local (and speedy) resolution. The MDL court has already deferred its ruling on the CIIPPs' related Motion to Compel Production to allow this Court time to handle the issue. *See In Re Pork Antitrust Litigation*, No. 18-cv-1776 (D. Minn. Sept. 3, 2021).

### C. The Subpoena is unduly burdensome.

To determine whether the subpoena presents an undue burden, the Court considers the following factors: (1) relevance of the information requested; (2) the CIIPPs' need for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the CIIPPs describe the requested documents; and (6) the burden imposed. *Wiwa*, 392 F.3d at 818. The Court also considers the expense and inconvenience to a non-party. *Id.* A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad. *Id.*

The Court agrees with CIIPPs that the data they request in the Subpoena is likely relevant to their case and necessary to move forward with class certification. Affiliated Foods has suggested that CIIPPs have alternate methods of obtaining the information that they need—possibly from the defendants in the underlying litigation. ECF No. 13 at 4. This suggestion has been neither proven nor disproven. However, the breadth of the request is indeed "breath taking." ECF No. 1 at 2. Some of CIIPPs' requests lack particularity, and each request imposes enormous burden.

CIIPPs' first request is for "*all documents and data* reflecting your analysis of competition in the procurement and sale of Pork, including *but not limited to* . . ." — emphasis added. CIIPPs stipulate no timeframe. Therefore, this is an "all documents" request for all time, presumably as long as Affiliated Foods has been in business. Its lack of particularity is such that it could presumably include anything from company reports to casual texts and emails that happened to comment on Affiliated Foods' competition. CIIPPs' sixth request is similar but relates to "competition in the sale of prepared foods that include Pork." The same "all documents" breadth, unlimited timeframe, and lack of particularity apply. The Court finds these requests are facially overbroad. *See Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015).

CIIPPs' second, third, fourth, and fifth requests limit the timeframe to a nineteen-year period from 2002 to the present day. These requests focus on "data sufficient to show the following information" related to sales and purchases of pork and pork products. These phrases appear less problematic than an "all documents" request, but the "following information" required, while it may be particular and even detailed, is vast.

Affiliated Foods has shown that fulfilling the request, even in a limited way, would require enormous effort. It would need to hire 35 additional workers at the cost of $1.2 million plus benefits. ECF No. 1 at 9. The job would take a year to complete. ECF No. 1 at 9. Given current hiring difficulties and existing open positions, Affiliated Foods estimates it would need up to five years to partially comply with the Subpoena. ECF No. 1 at 9.

CIIPPs maintain that the Subpoena is not unduly burdensome because CIIPPs have agreed not to enforce the entire Subpoena. The Court rejects this argument. Apart from the issue of date and place of production, CIIPPs have not come to an agreement with Affiliated Foods about what

10

partial enforcement would look like. Indeed, CIIPPs continue to urge the Court to enforce the motion on the grounds that they are only requiring "transactional purchase and sale data kept in the normal course of business." ECF No. 6 at 6. Affiliated Foods has shown that any such transactional data kept in the course of normal business is not easily retrievable and that producing such data would require huge effort and expense — especially for a nonparty who does not stand to gain from the effort. ECF No. 13 at 5. The Court certainly cannot rely on CIIPPs' protestations of benevolence and reasonableness when CIIPPs are actively moving multiple courts to compel compliance with the Subpoena.

The Court finds that the Subpoena is unduly burdensome. Thus, the Court has a duty to quash it under the Rules. Fed. R. Civ. P. 45(d).

### CONCLUSION

For the reasons set forth above and pursuant to Fed. R. Civ. P. 45, it is **ORDERED** that CIIPPs' Motion to Transfer is **DENIED** and Affiliated Foods' Motion to Quash is **GRANTED**. Moreover, the Court **ORDERS** protection for Affiliated Foods from the issuance of successive subpoenas seeking the same or similar materials.

**SO ORDERED.**

September 28, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE